The People of the State of New York ex rel. Peter B.
Scanlon, Appellant, v. Charles F. Milliken and Others, Com-
prising the State Civil Service Commission, Respondents.

Third Department, June 18, 1903.

**Civil service — assistant deputy sheriff, Kings county — competitive
class.**

The assistant deputy sheriffs of Kings county are not deputies within the mean-
ing of the Civil Service Law (§ 12, subd. 1), so as to be exempt from the
operation of that law.
As the sheriff is authorized by statute to protect himself fully against the acts of
assistant deputy sheriffs, there is no injustice in putting the office in the com-
petitive class, although the sheriff is personally responsible for the acts of such
assistants.
Smith, P. J., and Sewell, J., dissented, with opinion.

Appeal by the relator, Peter B. Scanlon, from an order of the
Supreme Court, made at the Albany Special Term and entered in
the office of the clerk of the county of Albany on the 30th day of
January, 1908, denying the relator's application for a writ of
mandamus.

*John J. McGinniss*, for the appellant.

*William S. Jackson*, *Attorney-General* [*Timothy I. Dillon* of
counsel], for the respondents.

Cochrane, J.:

The relator applied for a writ of mandamus to compel the
Civil Service Commission to certify his compensation as an assist-
ant deputy sheriff of Kings county under chapter 705 of the Laws
of 1901. The position of the Commission is that such office is in
the competitive class under the Civil Service Law (Laws of 1899,
chap. 370), and that the appointment of the relator to such office
was void because not made from a class certified by such Commission.
The Special Term sustained the Commission and the relator appeals.

Said chapter 705 of the Laws of 1901 in section 2 thereof* pro-

* Amd. by Laws of 1903, chap. 464. — [Rep.

vides for certain "assistants, clerks, employes or subordinates in the said sheriff's office." Among such are eight deputy sheriffs at a salary of $2,200 each a year and eight assistant deputy sheriffs at a salary of $1,000 each a year.

The Civil Service Law in section 12 thereof exempts certain positions including in subdivision 1 "the deputies of principal executive officers authorized by law to act generally for and in place of their principals." There is probably no doubt that the office of deputy sheriff is within this statute an exempt office. And the question in controversy is whether the office of "assistant" deputy sheriff in Kings county under the said act of 1901 is the same as a deputy sheriff within the meaning of the provision above quoted from the Civil Service Law.

The statute does not define the powers and duties of these assistant deputy sheriffs. Nor do I think it necessary that we should attempt such definition in the disposition of this case; for conceding without deciding that their powers and duties are coextensive with those of the deputies, nevertheless the Legislature had the power to place them in a different category for other purposes including the operation of the Civil Service Law. And there is no incongruity in such legislative action when we consider the fact that it was clearly contemplated that they should consist of a cheaper class of men who would perform less important duties. In respect to salary they are cheaper than the clerks, accountant, secretary, jail warden, and his deputy, jail keepers, or the jail bookkeeper, and are on a parity with the prison van drivers, the cheapest of the male subordinates under the sheriff, and with the jail matrons. Conceding that they have the same powers and duties, generally speaking, as the deputy sheriffs, they are not in my opinion deputies within the meaning of the above-quoted provision from the Civil Service Law. That they are not deputies within the meaning of that act so as to be exempt from its operation appears to me reasonably clear from the phraseology of the act which creates them (Laws of 1901, chap. 705), which characterizes them as "assistant" deputy sheriffs and indicates by the extent of the salary conferred upon them, smaller in comparison with other employees created by the same act and who are affected by the provisions of the Civil Service Law, that these assistant deputy sheriffs are also affected thereby.

It is a familiar and fundamental rule of construction of statutes that they should be so construed if possible, as to give some meaning and effect to every part thereof. Now the construction contended for in behalf of the relator renders the word "assistant" as used in the act of 1901 meaningless and surplusage. Clearly that word is not needed in order to indicate merely a difference in salaries. Strike the word from the statute wherever it may occur and there would not be a scintilla of doubt that provision had been made for eight deputy sheriffs at a salary of $2,200 each and for eight other deputy sheriffs at a salary of $1,000 each.

But although the statute does not define the duties of an assistant deputy sheriff it expressly permits the sheriff (§ 6) to " prescribe and regulate their respective duties." It would seem, therefore, that he may place such limitations on their powers and circumscribe their duties as he may desire. The entire scope and tenor of the statute seems to me to indicate that their position from every point of view is inferior to that of the deputy and that their duties are less responsible and onerous.

It is also argued that the sheriff is personally responsible for the acts of these assistants and hence that there is a natural injustice in placing any restriction upon his power of selection. That has long been a favorite argument in attacks on the Civil Service Law. I am quite willing to concede its force in certain cases. But such argument must primarily be addressed to the legislative discretion and it is serviceable in construing statutes only so far as it aids in determining the legislative intent. And such argument must fail entirely in a case like this where the statute authorizes the sheriff to fully protect himself against the act of any subordinate. Attention has been called to the fact that the sheriff may prescribe and regulate the duties of his subordinates (§ 6). Such section then continues: " The sheriff of the county of Kings is hereby authorized and empowered to receive from any clerk and employe or subordinate other than those required to give bond in this act such security for the faithful performance of his duty as he shall deem necessary and proper." In this connection three facts are prominently suggested : First, the sheriff may " prescribe and regulate" the duty of an assistant deputy sheriff; second, he may exact of him " security for the faithful performance of his duty" as thus

prescribed and regulated by himself; *third,* he may determine for himself the nature, extent and sufficiency of such security. It is difficult to conceive of more ample safeguards for the protection of the sheriff against the acts of these assistant deputies.

The order in my opinion should be affirmed.

All concurred, except SMITH, P. J., who dissented in an opinion in which SEWELL, J., concurred.

SMITH, P. J. (dissenting):

The relator has applied for a writ of mandamus to compel the Civil Service Commission to certify his compensation as an assistant deputy sheriff of Kings county under chapter 705 of the Laws of 1901. The ground of respondents' refusal is that the office of assistant deputy sheriff of Kings county is in the competitive class under the civil service, and inasmuch as the appointment was not made from those certified by said Commission the said appointment was void, and the relator is not entitled to compensation.

By chapter 705 of the Laws of 1901,* the sheriff of Kings county was authorized to appoint eight deputy sheriffs and eight assistant deputy sheriffs. It is provided that each deputy sheriff shall receive a salary of $2,200 a year, and each of the assistant deputies a salary of $1,000. By chapter 370 of the Laws of 1899,† providing for the civil service in the State, certain officers are made exempt as matter of law, and among those officers are " the deputies of principal executive officers authorized by law to act generally for and in place of their principals." As to the officers not made exempt by statute, they are in the competitive class and can only be appointed from lists made by the Civil Service Commission, unless the Civil Service Commission shall itself place them in the exempt class, which it has the right to do.

It seems to be conceded that the office of deputy sheriff in Kings county is within the statute an exempt office. The question here for determination is whether the office of assistant deputy sheriff is within the provision of the statute an exempt office, or whether it is subject to the provision of that law, leaving it with the Commissioners to determine whether it may be in the exempt or in the

* Amd. by Laws of 1903, chap. 464.— [REP.
† See § 12 *et seq.* as amd.— [REP.

competitive class. The Civil Service Commissioners have determined that the office is in the competitive class, and their determination has been sustained by the Special Term.

The duties of the office of assistant deputy sheriff are nowhere defined in the statute; nor indeed are the duties of the office of deputy sheriff. The duties of a deputy sheriff have been in a measure settled by long usage, so that they may well be said to be prescribed by the common law. (See *Gibson* v. *National Park Bank of N. Y.*, 98 N. Y. 96.) But this statute has provided that as to the deputies and assistant deputies the sheriff "shall prescribe and regulate their respective duties." (§ 6.) If such regulation must be by a code of rules then it would clearly be incumbent upon the sheriff to show that for such assistants he had prescribed rules authorizing them to act generally for him. But such requirement is neither within the practical working of the statute nor within its letter. The deputy may be assigned to a certain class of work or as cases arise a deputy may be directed to attend to them. While so engaged in respect of that work, whether deputy or assistant deputy, he has the discretionary power of the sheriff and may act generally for him.

But the use of the word "assistant" in the classification made is claimed to make them inferior officers, and, therefore, within the right of the Civil Service Commission to classify them in the competitive class. The right of the Legislature to give to the Commission the power to classify the assistant deputies is undoubted. So has the Legislature the power to allow the Commission to classify the deputies. There is here no question of power. It is simply a question of construction of the statute. Neither a man's honesty nor his fidelity can be tested and certified by a commission however learned. And where the duties of a subordinate involve both discretion and fidelity, and for the faithful performance of his duties the superior is personally responsible, the court will require the superior to select that subordinate from a certified list only upon the mandate of a statute given in clear and unmistakable language. It is contended that the sheriff may require of his subordinate security for the faithful performance of his office. But this only half answers the argument. The sheriff may be made liable far in excess of any sum which might reasonably be anticipated and for

which security might reasonably be required.   Further it will be noted that the *sheriff may prescribe precisely the same powers to the. deputies or assistant deputies.* · If the Commission· has the power to classify the assistant deputies it. has the same power to classify the deputies.   There is nothing in the statute to indicate an intent to create an inferior office for the purpose· of authorizing the Civil Service Commission to restrict its incumbency.   The deputies are assistants of the sheriff.   The classification of deputy and assistant deputy is not made in· reference to ·their powers, but simply in reference to their salaries.   A certain class of less important work may be assigned to cheaper men, and for this reason a class of assistant deputies was created to whom this work could be assigned. The assistant deputies, therefore, as to the matters intrusted to them have the full powers of the sheriff and as well as the deputies are within the exempt· class under the civil service statute. ·

The Special Term order should be reversed and a writ of mandamus granted. ·

SEWELL, J., concurred.

Order affirmed, with costs.